**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

FILED
CLERK
**8/13/2026**
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

-------------------------------------------------------------------X

ALLSTATE INSURANCE COMPANY,
ALLSTATE INDEMNITY COMPANY,
ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, and ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

*Plaintiffs*,

-against-

JASON BIRNHAK, D.C., JOHANNA CASTELLANO, P.T., PAUL MANADAN, M.D., HYE HYUN CHUNG, L.AC., RICHARD KOFFLER, M.D.,
QUANTUM PHYSICAL THERAPY & CHIROPRACTIC CARE, PLLC, NEW MILLENNIUM PAIN AND SPINE MEDICINE, PLLC, CAREPOINT ACUPUNCTURE, P.C., ONEPOINT ACUPUNCTURE, P.C., *and*
RCK MEDICAL SERVICES, P.C.,

*Defendants*.

-------------------------------------------------------------------X

**ORDER**

2:26-cv-02340-NJC-JMW

**A P P E A R A N C E S:**

Andrew T. Apjohn
Hugh Brady
Nathan A. Tilden
Shauna L Sullivan
**King, Tilden, McEttrick & Brink. P.C.**
350 Granite Street, Suite 2204
Braintree, MA 02184
*Attorneys for Plaintiff*

Joseph A. D'Agostino
Connor Nicholas McHugh
**Fass & D'Agostino, P.C.**
150 Broadhollow Road, Suite 217
Melville, NY 11747

*-and-*

Justin M. Vogel
Michael J. Keane, Jr.
Steven Eric Frankel
**Garfunkel Wild, P.C.**
900 Stewart Ave, 4th Floor
Garden City, NY 11530

-*and*-

Jessica Sprague
Steven J. Harfenist
**Harfenist Kraut & Perlstein LLP**
3000 Marcus Avenue, Suite 2e1
Lake Success, NY 11042
*Attorneys for Defendants*

**WICKS,** Magistrate Judge:

Two questions arise. First, does a defendant have standing to move to quash a subpoena served by plaintiffs upon non-party Google LLC that seeks the metadata of the defendant's gmail metadata stored by Google over a six-year period? And if they do have standing, do grounds exist to quash the subpoena?

Plaintiffs, who are four separate Allstate insurance entities (collectively, "Allstate") brought this civil RICO action against several healthcare practitioners and clinics (collectively, "Defendants"), alleging that Defendants conducted a "complex scheme to defraud insurance companies" such as Allstate by "providing medically unnecessary and excessive healthcare services[.]" (ECF No. 1.) Presently before the Court is a motion to quash filed by Defendants Paul Manadan, M.D. ("Dr. Manadan") and New Millenium Pain and Spine Medicine, PLLC (collectively, the "Manadan Defendants"). For the reasons stated below, the motion is **GRANTED.**

## I. BACKGROUND

Allstate commenced this action on April 20, 2026 (ECF No. 1). The Court entered a discovery schedule on July 2, 2026 (ECF No. 40). On July 7, 2026, Allstate served a subpoena on non-party Google LLC ("Google"), requesting "non-content e-mail metadata"—namely date, time, and To/From fields—"for communications sent or received by Jason Birnhak, D.C." at his gmail address, "jtbirnhak@gmail.com." (ECF No. 43-1.)

On July 28, 2026, the Manadan Defendants filed the present motion to quash a subpoena seeking Dr. Manadan's gmail metadata (ECF No. 43), and Allstate filed its opposition on August 7, 2026 (ECF No. 44). The subpoena attached as an exhibit to Allstate's opposition, however, concerns Defendant Birnhak, not Manadan. Implicit in Allstate's opposition, however, is a concession that a subpoena materially similar to the one regarding Birnhak was also served regarding Manadan. That is, Allstate does not oppose the Manadan Defendants' motion to quash on the grounds that the subpoena in question does not exist. The Court will therefore assume that Google was served a subpoena seeking Dr. Manadan's gmail metadata, and that the terms of that subpoena are materially identical to the subpoena filed as an exhibit at ECF No. 43-1.

## II. WHETHER DEFENDANTS HAVE STANDING TO CHALLENGE A THIRD-PARTY SUBPOENA

As a threshold matter, the Court must address whether the Manadan Defendants have standing to challenge a subpoena served on Google. "As a general rule, a party lacks standing to move to quash or modify a subpoena directed at a non-party." *Rule v. Braiman*, No. 1:23-CV-1218 (BKS/PJE), 2026 WL 1329612, at *3 (N.D.N.Y. May 13, 2026) (citing *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975)). "A party may nonetheless object to a subpoena issued to a non-party if the objecting party claims some personal right, real interest in, or privilege concerning the documents at issue." *Gilead Scis., Inc. v. Khaim*, 755 F. Supp. 3d

285, 293 (E.D.N.Y. 2024) (collecting cases). "Standing has also been found where the movant 'has a sufficient privacy interest in the confidentiality of the records sought.'" *NYC Med. Prac., P.C. v. Shokrian*, No. 19 CV 162 (RPK)(RML), 2020 WL 13882100, at *2 (E.D.N.Y. Aug. 25, 2020) (quoting *ADL, LLC v. Tirakian*, No. 06 CV 5076, 2007 WL 1834517, at *2 (E.D.N.Y. June 26, 2007)). For example, "courts in this Circuit have found that individuals whose banking records are subpoenaed have a privacy interest in their personal financial affairs that gives them standing to move to quash a subpoena served on a non-party financial institution." *Fecteau v. City of Mount Vernon*, No. 23 CIV. 09173 (KMK)(JCM), 2025 WL 2391410, at *3 (S.D.N.Y. Aug. 15, 2025) (citation modified) (collecting cases). Similarly, a party has standing to challenge a subpoena that pertains to the party's "name and physical address." *Strike 3 Holdings, LLC v. Doe*, No. 24-CV-8835 (MMH), 2026 WL 873312, at *3 (E.D.N.Y. Mar. 31, 2026). The question, then, is whether email metadata—date, time, and to/from fields, without revealing the content of the messages—implicates a sufficiently sensitive "personal right" or "privacy interest" as to confer standing.

The answer is yes. In *Shokrian*, the plaintiffs subpoenaed Instagram for certain metadata connected to a defendant's account, specifically email addresses; names and dates of direct communications; and sender, receiver, and date of direct messages. 2020 WL 13882100, at *1. The court found that the defendant "ha[d] a sufficient privacy interest in the metadata pertaining to her personal communications on these accounts to confer standing." *Id.* at *6.

Similarly, in *Lively v. Wayfarer Studios LLC*, the defendants sought to quash a subpoena to AT&T, Verizon, and T-Mobile served by the plaintiff, Blake Lively. No. 24-CV-10049, 2025 WL 662896, at *1 (S.D.N.Y. Feb. 28, 2025). Lively sought only "call logs and text logs reflecting non-content, numerical information regarding ingoing and outgoing text messages."

*Id.* Nevertheless, the court held that the requests "implicate[d] legitimate privacy interests" such that the defendants had standing to move to quash. *Id.* at *2. Even without the "content of calls or messages," the court explained, "the phone records themselves would still contain sensitive information regarding which doctors, psychologists, or even acquaintances the Wayfarer Parties spoke to, and when." *Id.*; *see also id.* at n.2 (explaining that even if a privacy interest is not protected by the Fourth Amendment, it may nonetheless confer standing to object to a subpoena).

Here too, as the Manadan Defendants correctly note, the information Allstate seeks from Google would reveal "whom Dr. Manadan consults, when, and how often—his physicians, financial advisors, family, and attorneys—composing an intimate portrait of his private life." (ECF No. 43 at 5.) The sound reasoning and conclusions reached in both *Shokrian* and *Lively* are persuasive here, and therefore the Court concludes that the Manadan Defendants indeed have standing to challenge the subpoena served on Google.

In any event, "the question of standing is beside the point where the objection to the subpoena is on relevance or proportionality." *Gilead*, 755 F. Supp. 3d at 294. That is because Rule 26 provides that "[o]n motion *or on its own*, the court must limit the frequency or extent of discovery otherwise allowed by these rules" if (i) the discovery sought is unreasonably cumulative or can be obtained from a more convenient source; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the permissible scope. Fed. R. Civ. P. 26(b)(2)(C) (emphasis added). In such cases, "the Court need not wait for a motion to quash a non-party subpoena and has the authority to act *sua sponte*." *Third Ave. Commons LLC v. GoBrands, Inc.*, No. 25-CV-00934 (EK) (JMW), 2026 WL 2321608, at *1 (E.D.N.Y. Aug. 11, 2026) (quoting *New Falls Corp. v. Soni*, No. 16CV06805HGLGD, 2022 WL 17811448, at *3 (E.D.N.Y. Dec. 19, 2022)).

## III. WHETHER THE SUBPOENA SHOULD BE QUASHED

Having determined that the motion to quash is properly before the Court (both because the Manadan Defendants have standing and because the Court is authorized to decide *sua sponte*), the Court now turns to the merits of the application. "[A] valid subpoena is a legal instrument, non-compliance with which can constitute contempt of court." *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1364 (2d Cir. 1991). Subpoenas that are validly issued and served "under Rule 45(a)(3) operate as enforceable mandates of the court on whose behalf they are served." *Freund v. Weinstein*, No. 08-cv-1469 (FB)(MDG), 2009 WL 4065585, at *2 (E.D.N.Y. Nov. 23 2009). "A subpoena issued to a non-party pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement." *Warnke v. CVS Corp.*, 265 F.R.D. 64, 66 (E.D.N.Y. 2010) (internal quotes omitted). As such, "the party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Knight v. Local 25 IBEW*, No. 14-cv-6497 (DRH) (AKT), 2016 U.S. Dist. LEXIS 45920, *4 (E.D.N.Y. Mar. 31, 2016) (citation omitted); *see also Rodriguez v. NNR Glob. Logistics USA Inc.*, No. CV141766JFBAKT, 2016 WL 11673310, at *2 n.1 (E.D.N.Y. Mar. 31, 2016) ("[I]n the context of a motion to quash a subpoena, the Court should consider both the nature of information sought and whether its production is proportional to the needs of the case.") (internal citation and quotation marks omitted).

Here, the information Allstate seeks from Google—six years of email metadata—is wildly disproportionate to the needs of the case. The Complaint alleges a scheme amongst five individuals to defraud insurers. (ECF No. 1.) Dr. Manadan is not even alleged to have been the mastermind of the scheme; that honor goes to Defendants Birnhak and Castellano. (*See id.*) But even if he were the alleged mastermind, digging through his personal email logs like a truffle

hog on a hunt "will invariably produce scores of data not relevant to any aspect of [Allstate's] suit[,]" and therefore fails Rule 26(b)(1)'s proportionality requirement. *Gilead*, 755 F. Supp. 3d at 297 (quashing subpoena despite "potential to shed light" on the plaintiff's claims, because the subpoena "undoubtedly will result in vastly more data that has little, if anything, to do with" those claims).

In attempting to justify the request, Allstate notes that "this racketeering case involves allegations of a fraudulent, predetermined treatment protocol, facilitated through sham lease agreements designed to conceal the Defendants' improper relationships." (ECF No. 44 at 4.) Knowing whom Dr. Manadan corresponded with, Allstate argues, will enable Allstate "to determine which communications may be relevant, and to request said communications directly from Defendants." (*Id.* at 5.) But the same could be said in any case—obtaining infinite discovery *might* result in a useable "lead." Curbing such speculative chains of inference is precisely why the proportionality requirement exists.

The court in *Lively* considered a very similar argument to the one Allstate advances here. Lively argued that her subpoena would "help to identify 'the larger network of individuals' who perpetuated a negative media campaign against her." *Lively*, 2025 WL 662896, at *2. The court rejected this reasoning, because

> Lively has not provided a basis to believe that the broad discovery she seeks will reveal information regarding unknown participants in the negative media campaign proportionate to the burden on the Wayfarer Parties' privacy interests. . . . Even assuming additional individuals participated in the alleged campaign, the hope that discovery will turn up information on such participants does not justify the broad scope of the Subpoenas.

*Id.*

So too here, Allstate's vague speculation that Dr. Manadan's gmail logs might reveal relevant communications does not justify such an invasion of privacy. *See* Fed. R. Civ. P.

26(b)(1) (requiring courts to consider, *inter alia*, "whether the burden or expense of the proposed discovery outweighs its likely benefit"); *see also, e.g.*, *Morocho v. Stars Jewelry by A Jeweler Corp.*, 345 F.R.D. 292, 294 (S.D.N.Y. 2024) (quashing as overbroad a subpoena seeking phone logs for six years). In sum, "[t]his is a textbook example of a fishing expedition." *Shokrian*, 2020 WL 13882100, at *7 (quashing subpoena).

The Manadan Defendants' motion to quash (ECF No. 43) is therefore granted.

Dated: Central Islip, New York
August 13, 2026

**S O O R D E R E D:**

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge